David Abrams, Attorney at Law
PO Box 3353 Church Street Station
New York, New York 10008
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
Southern District of New York
_____

|  |  |  |
|---|---|---|
| United States of America ex rel. GNGH2 Inc., | ) ) ) | |
| Plaintiff-Relator, | ) ) ) | |
| - against - | ) ) | Index No.: |
| FIRST QUALITY MAINTENANCE II LLC; | ) ) ) ) | |
| FIRST QUALITY MAINTENANCE, INC.; A/K/A FIRST QUALITY MAINTENANCE LP; | ) ) ) ) ) | **Complaint** |
| ONYX RESTORATION WORKS, LTD; | ) ) | |
| CLASSIC SECURITY LLC.; and | ) ) | |
| BRIGHT STAR MESSENGER CENTER LLC, | ) ) ) | |
| Defendants. | ) ) | |

_____)

Plaintiff-Relator, complaining of the Defendants by its attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

**I.    Nature of the Case**

1.    This is a false claims act claim.  The Qui Tam Plaintiff and Relator, GNGH2 Inc. ("Relator"), alleges that the Defendants fraudulently obtained CARES Act disaster relief by means of fraudulent certifications of eligibility.  As set forth in more detail below, the Defendants all operate together as one combined entity known as "Alliance Building Services."

("Alliance")  Taken as a whole (which is required by law) Alliance was far too large to qualify for disaster relief and the Defendants evaded this requirement by applying separately.

**II.     Parties**

2. Defendant FIRST QUALITY MAINTENANCE II LLC ("FQM 2") is a Delaware limited liability company with a principle place of business in the State of New York, County of New York, specifically at 318 West 39th Street, New York, NY 10018.

3. Defendant FIRST QUALITY MAINTENANCE INC. a/k/a FIRST QUALITY MAINTENANCE LP ("FQM 1") is upon information and belief, a New York Limited Partnership.  FQM 1's principle place of business is at 318 West 39th Street, New York, NY 10018.

4. Defendant ONYX RESTORATION WORKS LTD. ("Onyx") is a New York business corporation with a princple place of business at 318 West 39th Street, New York NY 10018.

5. Defendant CLASSIC SECURITY LLC ("Classic Security") is a New York business corporation with a principle place of business at 318 West 39th Street, New York, NY 10018.

6. Defendant BRIGHT STAR MESSENGER CENTER LLC ("Bright Star") is a New York Limited Liability Company with a principle place of business at 318 West 39th Street, New York, NY 10018.

7. The Relator, GNGH2 Inc. ("Relator") is a New Jersey corporation with a principal office in the State of New Jersey, County of Bergen.

**III     Compliance With Requirements of Suit**

8. This matter will be filed under seal pursuant to 31 U.S.C. Section 3730(b) and at or about the same time, a copy of the Complaint, Sealing Order, and Relator's disclosure of evidence will

be served on the Department of Justice and the United States Attorney for the Southern District of New York.

9. Relator will not serve the Complaint or any other papers in this matter until and unless it becomes unsealed. Thus, if the Complaint or is served on the Defendant, it means that the matter has been duly unsealed.

**IV.    Jurisdiction and Venue**

10. This Court has jurisdiction pursuant to 31 U.S.C. Section 3732(a) which provides that this type of action may be brought in any district where the Defendant resides or transacts business. In this case, all of the Defendants are located in and provide services in New York County, New York.

**V.    Relationship Among the Defendants**

11. All of the Defendants are under common control, management, and ownership. Indeed, a recent job posting of the Defendants stated as follows:

> Alliance Building Services, one of the New York metropolitan area's leading facility service contractors, provides cleaning/maintenance, security, messenger center, metal and marble maintenance and restoration, and painting service to more than 100 buildings encompassing more than 60 millioin square feet. The Alliance family of companies includes First Quality Maintnenace, Classic Security, Onyx Restoration Painting, and Bright Star Messenger Centers.

12. Another recent Alliance job posting described Alliance as "a multi-company service provider with more than 4000+ employees in the metrpolitan area"

**VI.    Background**

13. Throughout most of 2020, the United States was faced with a large scale outbreak of the virus commonly known as "Coronavirus" and "COVID-19." (the "Coronavirus Epidemic").

14. In addition to the Coronavirus Epidemic itself, the United States was faced with large scale outbreaks of panic and hysteria as a result of the Coronavirus Epidemic.

15. All of the above has resulted in major economic disruption and as a result Congress enacted the Coronavirus Aid, Relief, and Economic Security Act, commonly known as the "CARES Act."

16. The CARES Act contains a provision which permitted qualifying business which were affected by the foregoing disruption to obtain forgivable disaster loans.

17. Each of the Defendants herein applied for and received such funding as follows:

| Party: | Date: | Amount |
| --- | --- | --- |
| FQM 2 | 4/30/2020 | $5 million + |
| FQM | 4/30/2020 | $350,000+ |
| Onyx | 4/30/2020 | $350,000+ |
| Classic Security | 4/30/2020 | $2 million + |
| Bright Star | 4/30/2020 | $350,000+ |

18. With a few inapplicable exceptions, the eligibility rules require that all affiliated and related entities be considered in determining whether a business qualifies for such loans.

19. Looking at the concern as a whole, the Defendants and related entities had far more than the maximum assets, payroll size, and revenue for qualification. Indeed, the total amount of the loans received likely exceeded the $10 million cap.

20. Thus, the Defendants necessarily made false statements when they executed SBA Form 2483 stating as follows:

> The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) implementing the Paycheck Protection Program under Division A,Title I of the Coronavirus Aid, Relief, and Economic SecurityAct (CARES Act) (the Paycheck Protection Program Rule).

21.     These statements would have been made shortly before the dates set forth above.  As a result of these statements, the Defendants received substantial funds to which they would not otherwise have been entitled.

**VII.     (Count I)  Violation of the False Claims Act**

22.     The False Claims Act imposes liability on a person or entity who " knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim"  31 U.S.C. Section 3729(a)(1)(B)

23.     The Courts have held that this can include false statements regarding eligibility to participate in a program.  See *United States ex rel. Kirk v. Schindler Elevator Corp*.,  601 F.3d 94, 116 (2d Cir. 2010), rev'd on other grounds, 131 S.Ct. 1885 (2011) ("[C]laims may be false even though the services are provided as claimed if, for example, the claimant is ineligible to participate in the program.")

24.     Thus, the Defendants' certifications of eligibility violated the False Claims Act because they were false and required for eligibility for disaster relief.

**VIII.    Relief Sought**

25.     On behalf of the government, Relator is seeking judgment for  the triple damages and civil penalties set forth in 31 U.S.C. Section 3729.

26.      The Defendants received at least approximately $8 million in disaster relief as a result of the certifications set forth above.

**[continued on next page]**

27.     Accordingly, Relator seeks judgment in the amount of $24 million against the Defendants and in favor of the United States, together with costs, interest, civil penalties, an appropriate qui tam award, and such other and further relief as the Court deems just.

Respectfully submitted,

_____

David Abrams, Attorney at Law
 Attorney for Relator
GNGH2 Inc.

PO Box 3353 Church Street Station
New York, NY 10008
Tel. 212-897-5821
Fax  212-897-5811

Dated: New York, NY
        October 27, 2020